UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAKEEM HENDERSON, | ) | Case No.: 4:20 CV 728 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| WARDEN MICHAEL PHILLIPS, | ) | |
| Respondent | ) | ORDER |

Currently pending before the court is Petitioner Hakeem Henderson's ("Petitioner" or "Henderson") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.) Henderson is an Ohio inmate serving an aggregate 33-year-to-life term of imprisonment for two counts of aggravated murder with firearm specifications and one count of engaging in a pattern of corrupt activity. (Report & Recommendation at 1, ECF No. 12.) Henderson filed his Petition (ECF No. 1) on April 3, 2020, and Respondent Michael Phillips ("Respondent" or "Phillips"), Warden of the Northeast Ohio Correctional Center, filed a Return of Writ (ECF No. 5) on December 4, 2020. On June 23, 2020, this court issued an Order (ECF No. 4) referring the matter to Magistrate Judge Thomas M. Parker (the "Magistrate Judge" or "Judge Parker") for a Report and Recommendation ("R & R").

**A. Summary of Judge Parker's Report & Recommendation**

Judge Parker submitted a R & R (ECF No. 12) on November 29, 2022, recommending that the court deny Henderson's Petition and decline to issue Henderson a Certificate of Appealability because the claims raised in the Petition are procedurally defaulted or meritless. (R & R at PageID #2595, ECF No. 12.) In his Petition, Henderson raises five grounds for relief: Ground One: a violation of his right to a speedy trial under the Sixth Amendment; Ground Two: prosecutorial misconduct in violation of his rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments; Ground Three: prejudicial joinder in violation of his rights to due process and a fair trial under the Fifth and Sixth Amendments; Ground Four: failure to adduce sufficient evidence to support a conviction in violation of the Sixth Amendment as it applies through the Fourteenth Amendment; and Ground Five: a violation of his right to confront his accuser by misapplication of the forfeiture-by-wrongdoing exception under the Fifth and Sixth Amendments. (*Id.* at PageID #2609.) A summary of the Magistrate Judge's findings and recommendations follows.

**1. Ground One**

Petitioner argues that his speedy trial rights were violated by the trial court's delay in ruling on his motion to sever his trial from that of his codefendant Austin, which he claims prejudiced his case because a particular witness would potentially have been available to testify had the trial taken place sooner. (*Id.* at PageID #2619–20.) Judge Parker found that, to the extent Henderson based his claim of a speedy trial violation on his Ohio state statutory rights, the claim is not cognizable in a federal habeas corpus case. (*Id.* at PageID #2620.)

Insofar as Henderson based his claim on his Sixth Amendment right to a speedy trial, Judge Parker agreed with the Ohio Court of Appeals's analysis of the claim under the balancing factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972), which concluded that the delays in Henderson's trial

were reasonable, resulted from Henderson's own motions, and did not prejudice Henderson. (R & R at PageID #2625–27.) The Magistrate Judge noted in particular that any prejudice resulting from the unavailability of Adrian Henderson ("Adrian") as a witness, which Henderson first raised in his Petition, did not undermine the conclusion of the Court of Appeals, as Henderson himself bore responsibility for Adrian's unavailability. (*Id.* at PageID #2627.) Judge Parker therefore recommended denying the Ground One claim for lack of merit.

**2. Ground Two**

The Magistrate Judge found that Henderson's second ground for relief is procedurally defaulted, because Henderson failed to appeal his prosecutorial misconduct claim to the Ohio Supreme Court for review. (*Id.*) Henderson did not offer any argument that his default was excusable for cause. (*Id.* at PageID #2612.) Nevertheless, Judge Parker proceeded to the merits of the Ground Two claim and concluded that the claim lacked merit because, assuming Henderson's factual allegations regarding statements by prosecutors are true, any prejudice resulting from those statements was not sufficiently substantial to warrant habeas relief for a violation of due process. (*Id.* at PageID #2629.) Judge Parker also found that the Ohio Court of Appeals's denial of Henderson's claims related to the prosecutor's statements was neither contrary to, nor an unreasonable application of, federal law. (*Id.* at PageID #2630.) For these reasons, the Magistrate Judge recommended denying the Ground Two claim.

**3. Ground Three**

Judge Parker determined that, although Henderson raised a prejudicial joinder argument on direct appeal from his conviction, Henderson claimed for the first time in his Petition that statements made by Adrian had contributed to that prejudice. (*Id.* at PageID #2613.) Furthermore, Henderson

argued no cause to excuse his failure to raise that particular claim. (*Id.*) Judge Parker therefore concluded that Petitioner's prejudicial joinder claim is procedurally defaulted as to the contention that Adrian's statements resulted in prejudicial joinder. (*Id.* at PageID #2614.)

The Magistrate Judge found that the Ohio Court of Appeals adhered to and reasonably applied federal law, and fairly considered all the relevant facts, in concluding that any prejudice resulting from the joinder of Henderson and Austin's cases failed to rise to a violation of Henderson's right to a fair trial. (*Id.* at PageID #2631–33.) Judge Parker therefore recommended that the court deny Henderson's Ground Three claim as meritless. (*Id.* at PageID #2633.)

**4. Ground Four**

Though Henderson argued on direct appeal to the Ohio Court of Appeals that there was insufficient evidence to support his convictions for "murder-by-complicity," Judge Parker noted that the instant Petition is the first time Henderson challenges the sufficiency of the evidence supporting his second Superceding Indictment regarding the aggravated murder charges for Slade and McCullough. (*Id.* at PageID #2613.) Henderson asserted no cause to excuse his failure to raise that particular claim. (*Id.*) Judge Parker therefore concluded that Petitioner's sufficiency claim is procedurally defaulted with regard to the argument that the second Superceding Indictment was deficient as to the charges for the aggravated murders of Slade and McCullough. (*Id.* at PageID #2614.)

Judge Parker considered the Ohio Court of Appeals's denial of Henderson's insufficiency of evidence claim as to his convictions for the aggravated murders of Christian and Hayes in light of the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Magistrate Judge concluded that a rational trier of fact could have found that Henderson aided and abetted the

murders of Hayes and Christian based on the evidence presented at trial. (R & R at PageID #2635–36, ECF No. 12.) He therefore recommended that the court deny Henderson's Ground Four claim for lack of merit.

**5. Ground Five**

The Magistrate Judge reasoned that the Ohio Court of Appeals had properly applied the forfeiture-by-wrongdoing exception to the Confrontation Clause, in concluding that testimonial statements made by Adrian to the police were admissible against Henderson because Henderson had procured Adrian's unavailability to testify. (*Id.* at PageID #2618.) Judge Parker concluded that the Court of Appeals reasonably applied the standards set forth in *Giles v. California*, 554 U.S. 353 (2008), and reasonably interpreted the relevant facts. (R & R at PageID #2618, ECF No. 12.) The Magistrate Judge therefore recommended that Henderson's Ground Five claim be denied as meritless.

**6. Certificate of Appealability**

Finding that reasonable jurists could not disagree that the grounds for relief set forth in Henderson's Petition are each either procedurally defaulted or meritless, Judge Parker recommended that no Certificate of Appealability issue in this case.

## B. Conclusion

Objections to the Magistrate Judge's R & R were due by December 13, 2022, but neither Petitioner nor Respondent submitted any. Accordingly, this matter is ripe for review. Furthermore, by failing to object to the R & R, the parties have waived the right to appeal from an order adopting the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Parker's Report and Recommendation. (ECF No. 12.) The court hereby denies Johnson's Petition and declines to issue Johnson a Certificate of Appealability.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 19, 2023